```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF TEXAS
           HOUSTON DIVISION
```

MOHAMMAD LADJEVARDIAN,        §
                              §
    Plaintiff,                §
                              §
v.                            §     CIVIL ACTION NO. H-13-1017
                              §
TD AMERITRADE, INC.,          §
                              §
    Defendant.                §

MEMORANDUM & ORDER

Pending are Defendant TD Ameritrade, Inc.'s Rule 12 Motions (Document No. 16).[1]  Plaintiff has filed no response, and the motions are therefore deemed unopposed pursuant to Local Rule 7.4. After carefully considering the motions and applicable law, the Court concludes that the case should be dismissed.

I. Background

Plaintiff Mohammad Ladjevardian ("Plaintiff") alleges that Defendant TD Ameritrade, Inc. ("Defendant") induced him to open an account with Defendant by offering him a package that would allow for a margin account for trading and purchase of stocks.[2]  At the time he filed his Amended Complaint, Plaintiff alleged he

---

[1] Defendant moves to dismiss Plaintiff's Amended Complaint under Rule 12(b)(6) and, in the alternative, moves for a more definite statement under Rule 12(e).  Document No. 16.

[2] Document No. 15 ¶ 5 (Am. Cmplt.).

maintained a margin brokerage account with Defendant which had an equity value of $3.7 million and a margin of $1.5 million.[3]

On April 1, 2013, Defendant issued a notice of maintenance call of $1,584,758.85, which Plaintiff characterizes as "essentially a cancellation of the margin which Defendant granted to [Plaintiff] to induce the moving of the account" to Defendant, and alleges is "simply a facade for the unwarranted cancellation of the margin account."[4] The maintenance call occurred in the wake of disputes that had arisen in prior weeks and which Plaintiff believed had been resolved.[5] Plaintiff alleges that the maintenance call will require the sale of large blocks of stock, causing the stock value to spiral downwards and resulting in "unrepairable harm" to Plaintiff.[6]

Plaintiff alleges that he relied on Defendant's written and oral representations with regard to the terms of the account, that his account was the only account selected for liquidation of the margin, and that "[w]ithout justification as a change in the maintenance margin requirement or house requirements large blocks

---

[3] Document No. 15 ¶¶ 4-6.

[4] Id. ¶ 6.

[5] Id.

[6] Id.

of complainant stock were sold on a margin sell out at a greatly reduced price due to the acting of Defendant."[7]

Plaintiff alleges causes of action for breach of contract, breach of fiduciary duty, and breach of duty of good faith and fair dealing.[8]  Defendant moves to dismiss for failure to state a claim and, in the alternative, moves for a more definite statement.[9]

## II.  Motion to Dismiss

### A.  Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one.  *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974).  The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded

---

[7] Id.

[8] Id.

[9] Document Nos. 16-17.

facts in the complaint. *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65.

B. Analysis

Plaintiff alleges that "[t]he actions of T.D. AMERITRADE, INC., constitute a breach of contract."[10] Under Texas law, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." Smith Int'l, Inc. v. Egle Grp., LLC, 490 F.3d 380, 387 (5th Cir. 2007) (quoting Valero Mktg. & Supply Co. v. Kalama

---

[10] Document No. 15 ¶ 6.

Int'l, L.L.C., 51 S.W.3d 345, 351 (Tex. App.-Houston [1st Dist.] 2001)). Plaintiff's Amended Complaint does not have attached to it and does not incorporate by reference any contract between the parties, nor does it describe how Defendant allegedly breached any specific provision of a contract. Defendant attaches to its brief in support of its motion, however, a copy of the Client Agreement, which was also exhibited to the Court in the evidentiary hearing held on Plaintiff's motion for preliminary injunction on April 15, 2013. Again, Plaintiff neither cites to any clause in the Client Agreement that he presumably alleges was breached nor does he specify how or in what particular Defendant breached this or any other contract. Plaintiff has therefore failed to state a claim for breach of contract.

Plaintiff further alleges that "[w]hen viewed objectively the conduct of T.D. AMERITRADE INC is harsh, wrongful, oppressive, and constitutes a breach of fiduciary duty."[11] Under Texas law, "[t]o prevail on a breach of fiduciary duty claim, a plaintiff must show (1) a fiduciary relationship between the plaintiff and the defendant, (2) a breach by the defendant of his fiduciary duty to the plaintiff, and (3) an injury to the plaintiff or benefit to the defendant as a result of the defendant's breach." Priddy v. Rawson, 282 S.W.3d 588, 599 (Tex. App.–Houston [14th Dist.] 2009). The nature of the duty owed by a broker to an investor depends on

---

[11] Document No. 15 ¶ 6.

whether "the investor controls a nondiscretionary account and retains the ability to make investment decisions," in which case "the scope of any duties owed by the broker will generally be confined to executing the investor's order." Martinez Tapia v. Chase Manhattan Bank, N.A., 149 F.3d 404, 412 (5th Cir. 1998) (citing Romano v. Merrill Lynch, Pierce, Fenner & Smith, 834 F.2d 523, 530 (5th Cir. 1987)). Plaintiff in his Amended Complaint alleges that he had a "margin account for trading and purchase of stocks" but does not describe any recognizable fiduciary relationship with Defendant, nor does Plaintiff allege that Defendant as his broker failed to execute any of Plaintiff's orders. Plaintiff therefore has not stated a claim for breach of fiduciary duty.

Finally, Plaintiff alleges that "the conduct of Defendant constitutes a breach of duty of good faith and fair dealing."[12] The Texas Supreme Court has rejected the notion that contracts generally contain an implied covenant of good faith and fair dealing. English v. Fischer, 660 S.W.2d 521, 522 (Tex. 1983) ("To adopt the laudatory sounding theory of 'good faith and fair dealing' would place a party under the onerous threat of treble damages should he seek to compel his adversary to perform according to the contract terms as agreed upon by the parties. . . . This we are unwilling to do."). Texas courts have narrowly limited the tort duty of good faith and fair dealing to distinct, special

---

[12] Document No. 15 ¶ 6.

relationships, earmarked by specific characteristics, including long-standing relations, imbalanced bargaining power, and significant trust and confidence shared by the parties. Caton v. Leach Corp., 896 F.2d 939, 948 (5th Cir. 1990) (noting that insurers and compensation carriers owe duty of good faith and fair dealing). The Court is unaware of any authority suggesting that stock brokers owe such a duty to their clients, and Plaintiff has not alleged any facts indicating a long-standing relationship, imbalanced bargaining power, or significant trust and confidence shared by the parties. Plaintiff has therefore failed to state a claim for breach of good faith and fair dealing.

### III.  Order

For the foregoing reasons, it is

ORDERED that Defendant TD Ameritrade, Inc.'s Rule 12(b)(6) Motion to Dismiss (Document No. 16) is GRANTED, and Plaintiff's cause is DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 18th day of December, 2013.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE